Eckford's Executors *appellants*, and DE KAY and others *respondents*.

A *deed* conveying lands will not be deemed a *mortgage*, although it recite *an indebtedness* from the grantor to the grantee as the consideration of the conveyance, without stating an acceptance of the conveyance in satisfaction of the debt; although it be executed by a trustee to his co-trustee for the benefit of an infant *cestui que trust* in consideration of indebtedness to the trust estate; although it be different from the ordinary form of conveyances, as for instance creating a limitation over in case of the death of the *cestui que trust;* and although the *cestui que trust* on coming of age had the right to repudiate the transaction and demand payment of the debt due from the trustee.

APPEAL from Chancery. The appellants filed a bill in chancery for the purpose of obtaining a decree, declaring a deed of certain lands in the city of New-York, executed by Henry Eckford to Sarah Drake, bearing date 14th August, 1826, a mortgage, and giving them the right to redeem. Sarah Drake was the widow of Joseph R. Drake, who died in September, 1820, seized of two valuable lots in the city of New-York, which had been conveyed to him by Eckford in January, 1817, as a gift, on his becoming the husband of Sarah, one of the daughters of Eckford. Drake left a last will and testament, whereby he devised all his real estate to his daughter *Janet* in fee, with a limitation over first to his wife, and secondly to his father-in-law, whom he appointed executor, and his wife, Sarah, executrix of his will, and guardians of the person and estate of his daughter Janet. In January, 1822, the executor and executrix, under an order in chancery, sold one of the lots whereof Joseph R. Drake died seized for $20,000, which sum was received by Eckford and appropriated to his own use. On the 14th August, 1826, Eckford being indebted to his grand-child in the sum of $27,000, the proceeds of the sale of the said lot, and the rents and profits of the same and of the other lot,

executed a deed to his co-executor and co-guardian, Sarah Drake, conveying to her two lots of land in the ninth ward of the city of New-York, *containing thirty-six acres*, more or less. In this deed were recited the making of the will of Joseph R. Drake, and the appointment of Henry Eckford and Sarah Drake as executor and executrix of such will, and as guardians of the estate and person of the infant child of Joseph R. Drake ; and that Eckford, in his capacity as executor and guardian, was indebted to the said estate for moneys received by him on account thereof in the sum of $27,000, and therefore, *in consideration of the premises*, and of the sum of *ten dollars* to him paid, he granted, &c. the said two lots to Sarah Drake, *to hold* unto her, her heirs and assigns forever, *in trust* for her daughter, the said Janet H. Drake, in fee, " provided the said Janet shall not die under lawful age, and shall not have lawful issue ; but should the said Janet H. Drake die under lawful age and without issue, then in trust for the sole and only use, benefit and behoof of her, the said party of the second part, and of her heirs and assigns forever." This instrument was recorded in the register's office of the city of New-York, on the day of its date. The parcels of land conveyed to Sarah Drake had been purchased by Eckford in 1826, for the sum of $12,000, and at the filing of the bill had greatly risen in value. Eckford died in November, 1832, and left a will, executed by him in June, 1831, containing the following among other provisions : " I direct that on the first day of February, in the year of our Lord one thousand eight hundred and forty, my estate shall be divided [all debts and charges against it first being paid, and the moneys hereinafter directed to be set apart, first being invested and deducted] among my four children and grand-child hereinafter named, in manner following, that is to say : all my estate and all the property which the husband of my daughter Janet, James E. De Kay, has derived from and purchased with funds furnished by me, and which has not been received back by me, and all the

real estate which my grand-daughter Janet Joseph Halleck Drake, has inherited from her parents severally or either of them, and which her said parents severally or jointly originally received or derived from me, shall all be valued in one united valuation, to be made by appraisers to be appointed by my executrix and executors or a majority of them, or of the survivors of them, and the aggregate amount of the said united valuation, shall be divided into five equal parts : and so much of the said aggregate estate as shall be equal in value to one of said five parts, shall go to each of my children ; Janet, the wife of James E. De Kay, Eliza, the wife of Gabriel F. Irving, Joseph and Henry and their respective heirs, and the like portion shall go to my said grand-daughter, Janet Joseph Halleck Drake, and her heirs, including, however, in the portion of my said daughter Janet, the property which her husband, James E. De Kay, has derived from and purchased with funds, furnished by me ; and which has not been received back by me, *and including in the portion of my said grand-daughter, Janet Joseph Halleck Drake, all the real estate which she has inherited from her parents severally or either of them, and which her said parents severally or jointly originally received or derived from me,* so that finally including what some of the said five shares shall already have derived from me, and what remains to be distributed, my said four children and grand-child, and their respective heirs, shall have received from me an equal share of property ; one not more than another." In September, 1833, *Janet,* the daughter of Joseph R. Drake, being then about *fifteen years of age,* became the wife of *George C. De Kay,* and in the ensuing May, this bill was filed against her and her husband ; the children of Henry Eckford being also made defendants. Answers were put in and proofs taken on the part of the appellants, to shew by extrinsic facts the *intention* of the parties to the instrument of 14th August, 1826, that it should operate only as a *mortgage,* and *not as an absolute conveyance;* which proofs were rebutted

1841.

Eckford's Executors.
v.
De Kay.

by evidence on the part of the respondents, George C. De Kay and Janet his wife. The evidence *aliunde* from the view taken of it by the Chief Justice in the opinion delivered by him in this court, it is deemed unnecessary to state. The CHANCELLOR, on hearing the cause on the pleadings and proofs, *decreed* the instrument of the 14th August, 1826, to be an *absolute conveyance*, and that the complainants were *not entitled to redeem.* From which decree they appealed. The case was argued here by

*D. Lord, jun.* and *G. Griffin*, for the appellants.

*N. Dane Ellingwood* and *G. Wood*, for the respondents.

*Points presented and argued on the part of the appellants:*

I. The instrument of 14th August, 1826, on its face acknowledges the then existing relation of debtor and creditor : and if that relation continues, after the execution of the deed, the land is a mere security for the debt, and by the law of mortgages is redeemable. *Co. Litt.* 205, *a.* *Hargrave's note.* 1 *Powell on Mort.* 116, *a.* *Ch. J. Parsons, in Killeran* v. *Brown*, 4 *Mass.* 444. *Justice Story*, 2 *Sumner R.* 533. *Conard* v. *Atlantic Ins. Co.*, 1 *Peters' R.* 441. *Hughes* v. *Edwards*, 9 *Wheaton*, 490. *Clark* v. *Henry*, 2 *Cowen R.* 327, *in this Court.* *Wilcox* v. *Morris*, 1 *Murphy*, (*N. Carolina*,) 116. *Parks* v. *Hall*, 2 *Pick. Rep.* 210. *King* v. *King*, 3 *P. Wm's.* 359.

II. The conveyance by a debtor to his creditor, in consideration of his indebtedness, must be either as *security* or as *satisfaction*, either on an agreed value or equivalent for the debt, or on a mutual compromise, or on account as security.

III. Where any thing other than money is alleged to have been a satisfaction of a debt, the *onus probandi* is on those who allege the satisfaction.

IV. The conveyance was not a satisfaction of the debt. It does not purport to be a satisfaction. If a satisfaction,

the nominal pecuniary consideration was specially incongruous. The presumption of law is against a satisfaction without payment. The plea of accord and satisfaction always requires the averment and proof of acceptance on an express agreement of satisfaction. Averment of delivery and acceptance, without averring it to be in satisfaction, is not enough. *Van Duzen* v. *Frink,* 15 *Pick. R.* 449, *per Shaw, Ch. J.* 1 *Vesey, sen.* 402, *Longuet* v. *Scawan.* 9 *Rep.* 79, *Henry Peytoe's Case. Strange Rep.* 23, *Hawkshaw* v. *Rawlings. Id.* 573, *Paine* v. *Masters. Young* v. *Rudd,* 5 *Mod. Rep.* 86.

There is no proof of acceptance in satisfaction. The property conveyed was not equal in value to the debt, and was comparatively unproductive : to suppose it given or accepted as an actual equivalent, required an estimate, (of the amount of the debt and of the value of the property,) fourteen years after the date of the paper, when the infant would come of age. A conveyance by way of compromise or abatement of the debt is not presumed, but must be made out affirmatively, and most expressly by those who aver it. There is no proof to this effect. If this conveyance is to be deemed as satisfaction, it is also a satisfaction of Mrs. Drake's interest in the fund by way of dower. Nothing of this is suggested in the deed, nor can it be inferred without evidence, and there is no evidence of any agreement to this effect. The supposition of the conveyance being a satisfaction, is inconsistent with the character of the parties. The guardian could not, by conveying to a trustee for his ward, preclude the demand. The co-trustee had no power to accept the conveyance in satisfaction. The infant could not make any agreement on the subject. 14 *Wendell,* 100. 5 *Johns. Ch. R.* 329.

V. The conveyance must be held a security : If not a satisfaction, it is of course a security. The law will lean in favor of treating conveyances by a debtor as security ; because that allows neither party to gain by a non-compliance with the obligation to pay. It is the most just to the

*1841.*

Eckford's Executors.
*v.*
De Kay.

particular creditor secured and to the general creditors. It is less impeachable as a means of fraud. In doubtful cases there is the same reason for construing a conveyance by a debtor to a creditor, to be a security, as in construing it to be a mortgage rather than a conditional sale. *Longuet* v. *Scawan*, 1 *Vesey, sen.* 402. *Flagg* v. *Mann*, 2 *Sumner's Rep.* 534. *Conway's Executors* v. *Alexander*, 7 *Cranch's R.* 236.

VI. The recording of the conveyance in the book of deeds is not a sufficient reason to deny it to be a mere security. Assignments in trust to pay creditors and securities without express conditions are usually recorded as deeds, but are mortgages. *Park* v. *Hale*, 2 *Pickering's R.* 211. The object of recording is to guard against subsequent deeds and mortgages by the same grantor. As no danger of this could be apprehended, there was no reason for care in the mode of recording. The recording was sufficient as a guard against loss or to ensure publicity.

VII. The supposition that because this instrument was not an executory trust to sell and raise the money from the proceeds, it is not a mere security, is manifestly incorrect. Upon this instrument a bill of foreclosure would lie, as in all other cases of mortgages or equitable charges, without express power of sale.

VIII. The trusts of the instrument are not inconsistent with its being a mere security, but the contrary. If held to be a mere security, it alters no equitable right in the fund, and places the legal title in the most suitable parties. If held to be a satisfaction, it alters the rights of every party interested in the fund. It changes Mrs. Drake's interest and bars her dower. It makes her daughter's interest in $27,000, which was absolute, defeasible. It abandons the ultimate remainder of H. Eckford, or his children, in the property, as provided for in the will of Joseph R. Drake.

IX. If from the face of the instrument, the relation of the parties and the character of the fund, the conveyance

is a mere security, no agreement or admissions of the parties will vary its legal character as redeemable and a mortgage. And it would be inadmissible to show by oral or extraneous evidence, that, which is, on its face or in legal judgment a security, to be an absolute conveyance. 6 *Watts*, 126.

X. Where a conveyance is intended as a security, it will be a mortgage, whatever be the form of the conveyance. And it makes no difference, whether the defeasance be in the same instrument or in a separate one ; or whether it be in writing or verbal ; or merely to be inferred from the nature of the transaction.

XI. The acceptance of the conveyance of 14th August, 1826, by the infant *cestui que trust*, on her coming of age, would not bar her claim to the original debt. As the deed did not profess to be in satisfaction of the debt, it left the debt where it found it, merely superadding collateral security ; and the acceptance of that security by the creditor, on her coming of age, would be no waiver of the debt intended to be secured. It is not a case where the creditor was driven to an election.

XII. Henry Eckford, or his legal representatives, might have paid off the debt at any time before the infant came to the age of election, and thereby discharged the lien on the estate, and cancelled the deed of 14th August, at least so far as the rights of the infant were concerned. And if this right of redemption could have been exercised during the minority of the infant, it may also be afterwards ; for once a mortgage always a mortgage, is a fixed maxim of equitable jurisprudence.

XIII. Had the deed of 14th August been, in its terms, what our opponents contend it is in its legal construction, namely, a conditional sale, dependant on the election of the infant to affirm or reject it on her coming of age, it is respectfully submitted, that Chancery ought not to have allowed the debtor grantor, whose debt continued to subsist, to deprive himself thereby of his equity of redemption.

1841.

Eckford's Executors.
v.
De Kay.

XIV. The defendants having set up the conveyance as absolute, and resisted the right of redeeming, the complainants must be allowed to redeem without costs, and also, with an allowance for the support of Mrs. De Kay, during her residence with Henry Eckford.

*Points presented and argued on the part of the respondents :*

I Parol testimony is inadmissible to convert a deed, absolute on its face, into a mortgage, unless fraud is shown or a mistake established.

II. If, in the absence of fraud or mistake, parol testimony were admissible for that purpose, it ought to be very *clear* and *positive*, and conclusively establish the fact.

III. There is no parol testimony before the court, to substantiate the allegations on the part of the complainants in that behalf.

IV. The contingent limitations over, expressed or contained in the deed from Henry Eckford to Sarah Drake, in trust, *are inconsistent with any intention of the grantor, that the deed should be deemed a mortgage.* Any evidence therefore, of such intention, is illegal and inadmissible, in as much as it would *contradict the provisions* of the deed. 2 *Ball and B.* 73, *idem.* 47. 6 *Ves. R.* 331, 8 *idem* 22.

V. The trust and limitations over, contained in the deed, being a contract concerning lands, are required by statute to be in writing ; and any matters which are set up in contravention of, or to defeat such trusts and limitations, are also within the statute, and must be in writing. 1 *Vern.* 840, *idem* 148. 1 *Sch. and Lefroy* 22. 1 *Bro. C. C.* 334. 2 *Vern.* 617. 1 *Vesey* 498.

VI. Admitting, however, the parol testimony to be legal and sufficient to sustain the allegations in the bill, it cannot affect subsequent rights acquired without notice. *Ambler* 349.

After advisement, the following opinion was delivered :

*By the* CHIEF JUSTICE. The question presented in this case is, whether the deed from Henry Eckford and wife of certain real estate in the city of New-York, bearing date the 14th August, 1826, to Sarah Drake, in trust for her daughter Janet, should be regarded as an absolute conveyance of the property in satisfaction of an indebtedness to the estate of Doctor Drake, or only in the light of a mortgage, intended as collateral security for the same, and subject to redemption on paying the debt and interest.

The bill was filed by the personal representatives of Mr. Eckford against Janet, and her husband (Geo. C. De Kay,) for the purpose of impressing upon this instrument the character of a mortgage—thereby enabling them to redeem and disencumber the property, which is admitted to be very valuable, so that it may be brought into the assets of the estate for distribution under his will. It charges, that the instrument upon its face, and without reference to extraneous facts and circumstances, is, in judgment of law and equity to be deemed a mortgage, and designed simply as collateral security for the indebtedness therein recited : and further, that it was so in fact intended by all the parties at the time of its execution, and so regarded by them ever afterwards, and not as an absolute conveyance : all which is fully denied in the answers ; whereupon proofs have been taken which are before us.

The whole case may be resolved into two points : *First*, As to the true character and legal import of the instrument as derived from an examination of its contents ; and *Second*, As derived from the extraneous facts and circumstances detailed in the case.

I. There is but one feature, or circumstance, appearing upon the face of the instrument, that can at all distinguish it from the ordinary form of an absolute deed, that is, the particular description of the nature and amount of indebtedness of Mr. Eckford to the estate of Doctor Drake, as constituting the chief consideration for the conveyance. Every other part is in the usual form. A debt being thus

1841.

Eckford's Executors
*v.*
De Kay.

1841.

Eckford's Executors
*v.*
De Kay.

admitted to be due, and nothing appearing upon the face of the instrument to shew, in terms, or by fair construction, as claimed, that the lands were conveyed, or intended to be conveyed, or received and accepted, or intended to be received and accepted in payment and satisfaction of the same, it is insisted for the appellants, that the relation of debtor and creditor still subsisted after the execution and delivery of the deed, the same as before ; that the debt continued in full force, unextinguished, there being no evidence that the property was intended to be taken in satisfaction ; and hence, of necessity, the instrument should be regarded simply as security in the nature of a morrtgage, subject to redemption by the debtor or his legal representatives.

The whole argument, so far as we are pressed to collect the character and import of the instrument from its contents, turns upon a consideration of the question, whether an absolute conveyance of real estate from the debtor to the creditor, with an express recital, that it was given in consideration of a particular debt due, and an unqualified acceptance of the latter, is to be deemed in law *prima facie* evidence that the property was given in payment and satisfaction of the same. If it is, then there is an end of the argument upon this point of the case. The counsel for the appellants hold the negative, and insist that the deed thus accepted by Mrs. Drake, does not operate as payment, unless there is superadded an agreement to receive it with that intent ; that where any thing besides money is received in satisfaction, the *onus* lies on the *debtor* to show it affirmatively ; and that as no such intent is indicated either on the face of the deed or in the proofs, it should not be so regarded. I admit the rule to be as stated, that where any thing other than that, which may be tendered in payment of the particular debt, according to the contract, is received by the creditor, satisfaction cannot be predicated short of an agreement or assent to that effect. Regularly, says *Pothier*, a payment can only be made of the

thing due ; and a debtor cannot oblige his creditor to accept of any other thing in lieu of what he owes him. 1 *Vol. Treat. on law of Cont. Evans'* ed. *p.* 494. But the difficulty here in the whole of this reasoning, I apprehend, lies in the fact that the deed before us imports on its face *prima facie*, the requisite assent ; the conveyance purports to have been made for and in consideration of the debt, and has been accepted as such by the creditor. The debt is the purchase money of an estate, bargained and sold, of which the conveyance itself affords the highest proof ; it is a deed of bargain and sale, one of the most common assurances in transferring the title to real property, and always affords of itself the evidence of the contract between the parties. The particular recital of the indebtedness as the consideration for the land conveyed, so much relied on by the counsel for the appellants, has always struck me as one of the strongest circumstances in the case, to show that the actual understanding and intent of the parties corresponded with the absolute character of the instrument ; and that they meant, what in terms they said, a deed, and not a mortgage.

Had the consideration been stated in the usual way, before the debtor could have insisted that it was received in payment of this particular debt, he must have shown the fact *aliunde;* he must have proved, that it constituted the consideration for the sale by a receipt, or some other writing taken at the time, or by parol. Now, all this he has stated at large on the face of the conveyance, and Mrs. Drake, by accepting it, has thereby admitted that the property has been received and accepted by her in lieu of the indebtedness ; that this, with the $10 mentioned in the deed, constituted the purchase money paid for the same. Mr. Eckford, the debtor, has also, by this recital, guarded against any difficulty, present or future, in the way of proving the particular indebtedness to have been satisfied by the sale and conveyance, for he has made it matter of record.

1841.

Eckford's Executors.
*v.*
De Kay.

1841.

Eckford's Executors. v. De Kay.

Both parties having thus deliberately and solemnly admitted, that the land was conveyed and accepted, and intended to be conveyed and accepted, in consideration of the money due, it seems to me impossible to argue from the face of the deed itself, that the one was not intended, and has not been taken, in satisfaction of the other. Certainly, if a debt can be extinguished by an equivalent in property, the debt in question, *prima facie*, at least, has been so extinguished. If the parties, debtor and creditor, may stipulate for some thing in lieu of what is due by the terms of the contract in payment, such stipulation has not only been made, but the equivalent received. All this is palpable on the face of the conveyance.

I am satisfied there is nothing in the form or language of the instrument that would justify the court in declaring it to be a mortgage ; that, on the contrary, the terms indicate an absolute conveyance of the property, and which prove the recital operated in extingishment of this particular debt.

II. Then as to the considerations extraneous the deed, arising upon the pleadings and proofs, going to show that the instrument was intended simply as a security or mortgage.

It is said that Janet, the daughter, being under age at the time, was not bound ; that satisfaction cannot be predicated in respect to her, as she was incapable of assenting ; and that the debt, therefore, necessarily subsisted and continued after the execution and delivery of the conveyance. It is admitted, so far as she was concerned, the deed was blank paper ; and if the question at all depends upon her assent before she arrived at age, the argument for the appellants is unanswerable. But I do not comprehend in what way this fact can be material. I regard her as being entirely out of the case, uninterested in and unconnected with the instrument so far as respects the question involved. She does not become a party concerned until she has arrived at full age, when she became competent to ratify

the act of her guardian and executor, whatever that might be. If, then, on inquiry, she ascertained that a deed of certain lands had been taken in lieu of the estate left her, she may affirm it; if a mortga_e had been taken to secure it, she may do the same. So far as the character of the instrument is concerned, the question goes back to the acts and doings of the executor and the debtor. Was it intended by the parties to its execution to be a deed or a mortgage ? They were the only parties concerned in the transaction; were competent to impress either character upon it; and which ever it may be, it has not been even in the power of the daughter to change it. She might have repudiated the act, whether it resulted in a deed or mortgage, but she cannot change the character of the instrument, be it the one or the other.

It is also said, that the property conveyed was not at the time equal in value to the debt ; and that, therefore, it is unreasonable to suppose or urge, that it was intended to be received by Mrs. Drake as an equivalent ; and equally so to assume, that it was taken in anticipation of an enhanced value before the daughter came of age. The precise value of the property at the time of the deed, upon the proofs before us, is rather matter of conjecture than of˙ fact. Neither party seem to have regarded it as a circumstance of weight in determining the question to be litigated before the court. We have no sufficient *data* to enable us to arrive at any thing like a satisfactory judgment concerning it. But even if conceded not to have been an equivalent upon a fair valuation, I do not see how it could bear with any decisive force upon the question as to the character of the conveyance. Mrs. Drake may have thought it the best arrangement she could make under the then existing circumstances and condition of the property of her father, for herself and child. And even granting that she may have been mistaken or misjudged, we must still take the transaction with the character impressed upon it by the act of the parties at the time.

1841.

Eckford's Executors.
*v.*
De Kay.

1841.

Eckford's Executors.
*v.*
De Kay.

The learned counsel for the appellants in the argument did not urge upon us, that the *proofs* in the case, independently of the instrument itself, and the condition and relation of the parties to and interested in it, afforded any evidence of an actual intent and understanding, that it was executed and delivered, in point of fact, as a security for the debt. I shall, therefore, merely observe as to them, that they are too indefinite and general to be relied on in any case by a court of justice to affect the legal character and import of an instrument in writing, whatever may be its terms; much less, where it carries upon its face a clear and explicit indication of the meaning and intent of the parties.

I shall also abstain from the expression of an opinion, whether this property shall be brought into the assets of the estate of Mr. Eckford in the final distribution, as a part already received by the grand-daughter within the meaning of that clause of the will which requires the executrix and executors to take into the account advances already made, with a view to equalize the distributive shares. That question can properly arise only upon a construction of the will itself, and any opinion here expressed would be premature and obiter.

Upon the whole, upon any view I have been able to take of the case, I feel clear in the conclusion to which the Chancellor arrived, and shall vote to affirm his decree.

On the question being put, *Shall this decree be reversed?* The members of the court divided as follows:

*In the affirmative:* Senators Hopkins, Rhoades and Works—3.

*In the 'negative:* The President of the Senate, the Chief Justice, and *Senators* Clark, Denniston, Dixon, Hawkins, Humphrey, Hunt, Hunter, Johnson, H. A. Livingston, Nicholas, Platt, Root, Scott and Verplanck—16.

Whereupon the decree was Affirmed.