CASE No. 856.

DOUGLASS v. CRAIG.

ARMSTRONG v. CRAIG.

1. An assignment of homestead under an execution in a case where the debt was contracted before the adoption of the constitution of 1868, is void.
2. The definition of estoppel in *Bull* v. *Rowe*, (7) *ante* p. 355, approved.
3. Judgments were obtained upon debts contracted before 1868; and the lands of the debtor were levied upon in 1872 in the possession of his administratrix and widow, who claimed a homestead ; the homestead was admeasured to her, and the remainder of the lands were sold, and the proceeds applied to the executions in these cases ; but the assignment of the homestead was not returned to the clerk's office until 1878, during which interval, these execution creditors were quiescent. *Held,* that they were not estopped from subjecting this homestead to levy and sale under their executions.

Before ALDRICH, J., Fairfield, September, 1878.

The two cases are sufficiently stated in the opinion of the court. The judgment in the Douglass case was obtained November 4th, 1867, as stated in the opinion, but in the Armstrong case the judgment bears date November 12th, 1869.

These cases were heard at April Term, 1879, and the cases were ordered to be re-argued, special attention being directed to the following questions:

1. Can the lien of a judgment obtained prior to the adoption of the constitution of 1868 be affected by the failure of the party holding such lien to except to any proceedings provided for by the acts of the legislature in reference to the mode of assigning a homestead to the judgment debtor?

2. Are not the acts to be construed as relating only to those cases in which, under the constitution, the judgment debtor is entitled to a homestead as against such judgment?

*Mr. W. H. Lyles,* for appellant.

*Mr. Henry Obear,* contra.

First question—Cited *Bigelow on Estoppel,* 500, 578; 46 *N. Y.* 354; 3 *Johns. Ch.* 416; *Sedg. on Const. & Stat. Law,* 111; *Cooley on Const. Lim.* 181; 74 *N. Y.* 386; 46 *N. H.* 363; *Thomp. on Home.,* § 711.

Second question—3 *Pet.* 411; *Story's Const.* 256; 26 *Wend.* 42.

April 20th, 1880.　The opinion of the court was delivered by

McGowan, A. J.　Some time previous to November, 1867, J. F. Craig died intestate, leaving a widow, Harriet C. Craig, who administered upon the estate and continued to reside upon the lands of her deceased husband. It does not appear that the intestate died insolvent, but we assume that he did, for the two cases named in the caption were sued on obligations of the intestate and judgment recovered against the respondent as administratrix, November 4th, 1867. February 8th, 1872, the sheriff of Fairfield county levied upon a tract of land of eight hundred and forty-eight acres as the property of the deceased intestate at the suit of " Margaret Armstrong and others." The respondent claimed " homestead " out of her husband's lands so levied, and March 22d, 1872, the appraisers (how appointed does not appear) made a sworn statement that they had " set aside a homestead from the real estate of J. F. Craig, deceased—

the house and two hundred and fifty acres of land adjoining,"
&c.—which paper is marked by the clerk as "filed and recorded
April 10th, 1878." Soon after the said paper was signed, viz.,
March 4th, 1872, the sheriff, leaving unsold two hundred and
fifty acres assigned as homestead, sold the remainder of the lands
and the proceeds were distributed among the judgment creditors
according to their priorities, including the two cases herein named
of William Douglass and Margaret Armstrong.

June 24th, 1878, proceedings were commenced in the case of
Douglass by service on the sheriff of notice that he would be
ruled to show cause why he would not make the money on the
execution of plaintiff. The sheriff answered that there was no
other property of the deceased debtor out of which he could
make the money but the land which had been assigned for a
homestead as above-stated, and that he could not, under pain of
criminal proceedings, levy and sell that.

July 7th, 1878, the plaintiff, in the case of Harriet Arm-
strong, second above-stated, served upon the respondents " ex-
ceptions to the assignment of homestead." The motions in both
cases were heard together upon the merits. The Circuit judge
sustained the assignment of homestead, discharged the rule
against the sheriff in the first case, and in the second overruled
" the exceptions to the assignment of homestead," and from that
ruling the judgment creditors appealed to this court.

This court, at the present term, has decided that the assign-
ment of a homestead as against a debt contracted before the
adoption of the constitution is without authority and void
" ab initio," and such assignment may be disregarded whenever
that fact appears in any proceeding, direct or otherwise. *Bull*
v. *Rowe, ante* p. 355 ; *Hill* v. *Robertson*, 1 *Strob.* 1 ; *Thompson*
v. *Tolmie*, 2 *Pet.* 169.

The case of *Hill* v. Robertson was an action for land which
had been sold by order of the judge of Probate under petition
of *guardian* of plaintiff, who after he came of age, sued for the
land and recovered it. Judge Evans, in delivering the judg-
ment of the court, says : " It would be a waste of words to
attempt to prove the proceedings of a court of limited jurisdic-
tion in a case clearly without its jurisdiction, are absolutely void

and may be so declared wherever the question is presented, whether directly or collaterally."

In the case of Thompson *v.* Tolmie, the court says: "We agree that if the court had jurisdiction it has a right to decide every question that occurs in the cause, and whether its decision be correct or not, its judgment, until reversed, is regarded as binding in every court. But if it acts without authority, its judgment and orders are regarded as nullities. They are not voidable but simply void, and form no bar to a recovery sought in opposition to them even prior to a reversal."

The intestate 'debtor, J. F. Craig, died before the constitution allowing homestead was adopted, and therefore it is clear that all his debts were in existence at that time, that his widow was not entitled to homestead, *Cochran* v. *Darcy*, 5 *S. C.* 125, and the assignment of homestead to her was simply void.

But it is earnestly argued that the plaintiffs in both the cases under consideration are estopped by their own acts from now moving to set aside this homestead exemption. It is said that under the executions the respondent applied for and had homestead assigned to her; that their execution creditors were parties to the proceeding and they did not appeal, but accepted their "*pro rata*" of the proceeds of the other lands sold, and acquiesced for six years—from 1872 to 1879. All the parties at the time were ignorant of the true state of the law. According to the terms of the constitution and our decided cases, the respondent seemed to be entitled to the homestead, but it now appears that she was not so entitled. What effect should the conduct of the parties under these circumstances have upon their rights respectively? It is a new case and not free from difficulty; but, however painful it may be, the law, as we understand it, must be declared. The statute of limitations is not pleaded and manifestly has no application to the case. By the law of that time, the judgments had a lien for twenty years. The plea of "*res adjudicata*" cannot prevail, for several reasons, but it is only necessary to state that the whole proceedings were without jurisdiction and void.

We are unable to discover in the conduct of these execution creditors any element of the principle of estoppel. As was said

in the case of Bull *v.* Rowe: " An estoppel is where one party has been induced by the conduct of another party to do or forbear doing something, which he would not or would have done but for such conduct of the other party." Such conduct must have induced action which it would be inequitable to disavow and which the party holding out such inducements will be estopped from disavowing. No estoppel will be declared without fault to the injury of another. The plaintiffs had liens upon the property before the constitution allowing homestead was adopted. We cannot perceive on their part either concealment, guilty silence or misrepresentations, but simply non-action and delay without fraudulent intent. But it is said that the plaintiffs accepted their " *pro rata* " of the proceeds of sale of the other property, based on the allowance of homestead. That is true, but that did not necessarily involve assent to the homestead. They had a right to what they got and more besides. They accepted no benefit *under* the unconstitutional act, but were deprived by it of what they had a right to claim. To accept half their right does not imply an abandonment of the other half. This case is not analogous to that of *Clay* v. *Smith*, 3 *Pet.* 412, where a citizen of Kentucky, not bound by an insolvent law of Louisiana, voluntarily came in and received a dividend *under* the state law; or to the case of *Van Hook* v. *Whitlock*, 26 *Wend.* 42, where a creditor of -a corporation before the passage of an unconstitutional act authorizing the corporation to make an assignment in discharge of their liabilities voluntarily came in and accepted a dividend *under* such assignment. In these cases what was received was the fruits of the unconstitutional act. Not so here. The plaintiffs received nothing but what they would have received if homestead had not been assigned, and they received nothing *under* that proceeding, but entirely outside of it.

It has been further urged for the respondent that the right to homestead involves the question of title to lands and cannot be decided without a jury and regular sworn testimony upon a mere rule upon the plaintiffs. We have held at the present term, in the case of *Charles* v. *Charles*,* that the right of homestead is a

---

* *Post No.* 859.

mere " exemption from levy or sale," and as the sheriff is the officer appointed by the law to levy and sell property under execution, that the legal question of right to homestead may be made upon rule on the sheriff to levy and sell the property claimed as homestead. The court will not hear upon rule a case which is complex and involves conflicting testimony; but where the facts are simple or admitted, or the question is one of law as to the duty of the sheriff himself, we see no reason why it may not be heard upon rule.

The order of the Circuit judge is reversed, and the case remanded for further proceeedings according to the principles herein announced.

WILLARD, C. J., and McIVER, A. J., concurred.